**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

Stephen R. Rubino and Linda J. Sammartano,

                Plaintiffs,

v.

Chase Home Finance, LLC,

                Defendant.

Case No.: 3:11CV1366(CFD)

FILED
2011 AUG 30  A 11: 35
US DISTRICT COURT
HARTFORD CT

---

## **COMPLAINT**

### A.

### **PARTIES**

1. Plaintiff Stephen R. Rubino is a citizen of the State of Connecticut, who currently resides at 299 Palisado Avenue, Windsor, Connecticut 06095.

2. Plaintiff Linda J. Sammartano is a citizen of the State of Connecticut, who currently resides at 299 Palisado Avenue, Windsor, Connecticut 06095.

3. Defendant Chase Home Finance LCC (Chase) is a banking corporation doing business in the State of Connecticut.

4. Defendant is a debt collector as contemplated by the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. Section 1601, *et seq.*

### B.

### **JURISDICTION**

5. The jurisdiction of this Court is invoked pursuant to:

(a) Section 6 of Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605, (RESPA), as to Plaintiffs' First Cause of Action;

(b) Title I of the Consumer Protection Act, 15 U.S.C. 1601, et seq. (known as the Truth In Lending Act) (TILA) as to Plaintiffs' Second Cause of Action;

(c) Title VII of the Fair Debt Collection Practices Act, 15 U.S.C. 1601, et seq. (FDCPA) as to Plaintiffs' Third Cause of Action; and

(d) The federal guidelines regulating the Home Affordable Modification Program (HAMP) as to Plaintiffs' Fourth Cause of Action.

## C.

## SUMMARY OF THE FACTS

6.  Plaintiffs allege that defendant has deliberately and/or negligently mishandled plaintiffs' home loan modification and has illegally and without due cause raised the principal amount of their mortgage and that defendant is in violation of applicable Federal laws by its failure to provide plaintiffs with proof of HAMP application and/or rejection, a copy of the Mortgage Note, a Truth In Lending Statement, Good Faith Estimate, Escrow Analysis and detailed breakdown of the principal balance, interest and escrow of plaintiffs' mortgage on the residence known as 299 Palisado Avenue, Windsor, Connecticut 06095, as modified on November 11, 2010.

## D.

## NATURE OF THE CASE

7.  Plaintiffs are the owners of real property located at 299 Palisado Avenue, Windsor, Connecticut 06095.

8. The aforementioned real property is plaintiffs' principal and only residence.

9. Defendant Chase is a banking corporation in the business of, among other things, providing home mortgages to individual homeowners.

10. In or around November 2006, the plaintiffs entered into a mortgage agreement with Chase Mortgage for the refinance of the aforementioned property Chase (Loan No. 0023984750, hereinafter the "loan" or the "modified loan") for their residence at 299 Palisado Avenue, Windsor, CT 06095, in the principal amount of about $157,000.00.

11. Upon information and belief, defendant Chase is the originator of Chase Mortgage Loan No. 0023984750.

12. Upon information and belief, defendant Chase is the servicer of Chase Mortgage Loan No. 0023984750.

13. Upon information and belief, defendant Chase is the holder of the note of Chase Mortgage Loan No. 0023984750.

14. From in or about November 2006 to in or about April 2008 plaintiffs' monthly principal and interest payment on the loan was about $1,100.

15. In or about April 2008 defendant raised plaintiffs' monthly payment to about $1,650, citing an "escrow shortfall".

16. The increased payments represented a financial hardship to plaintiffs and on or about November 10, 2008 plaintiffs, through Greenpath, a non-profit agency, plaintiffs requested a loan modification from Chase under the federal Hope for Homeowners Program.

3

17. In or around November 2008, shortly after plaintiffs' request for modification, defendant raised plaintiffs' monthly payments from $1,650 to about $2,100.

18. On or around February 11, 2009, defendant notified plaintiffs that all required loan modification documents had been submitted to the underwriters.

19. On or around May 26, 2009, defendant asked plaintiffs for updated financials with respect to the loan modification application.

20. Plaintiffs promptly and timely forwarded the requested documentation to defendant.

21. On October 1, 2009 defendant commenced a foreclosure proceeding against plaintiffs. (Wells Fargo Bank v. Steven Rubino, HHD-CV-09-6004954S (POO).)

22. At this time, plaintiffs were in frequent and regular contact with defendants and plaintiffs' request for loan modification was still pending.

23. On November 24, 2009, the parties commenced foreclosure mediation as provided for under Title 49, General Statutes of Connecticut, Chapter 846 Sec.49-311.

24. On November 27, 2009, plaintiffs requested, through defendant's attorneys, proof of application or rejection for HAMP modification.

25. Plaintiffs' never received a response to this request.

26. During the mediation process, plaintiffs made numerous requests to defendant to provide proof of application or rejection for HAMP modification.

27. Defendant never provided the requested documentation to plaintiffs.

28. During the mediation process, plaintiffs requested clarification as to the relationship between Wells Fargo and Chase.

29. Defendant never provided the requested clarification to plaintiffs.

30. During the mediation process plaintiffs requested information as to who was the holder of the note under the loan.

31. Defendant never provided such information to plaintiffs.

32. On December 22, 2009, plaintiffs entered into a forbearance agreement with Chase.

33. Plaintiffs made timely and full payment under the forebearance agreement.

34. On September 10, 2010 defendant approved plaintiffs for an "in house" loan modification, effective November 11, 2010.

35. Plaintiff's request for loan modification was approved two years after their original request for modification and six months after successful completion of the forbearance agreement.

36. The principal amount of the modified loan was $182,463.37, as of November 11, 2010.

37. Prior to the modification the principal amount of the original loan was $154,158.82.

38. The principal amount of the modified loan is nearly $30,000 in excess of the original loan.

39. Defendants have utterly failed to produce any documents explaining or detailing this increase in loan principal.

40. Upon information and belief, all or part of the $30,000 increase to the principal balance of the modified loan was wrongfully and illegally added by Chase.

41. In or around September and October of 2010, prior to signing the loan agreement on the modified loan, plaintiffs contacted Tony Ramirez, the Chase officer

supervising plaintiffs' modification, on numerous occasions to request a breakdown of the new principal balance.

42. Neither Mr. Ramirez nor any other representative of defendant contacted plaintiffs with such a breakdown.

43. At no time did defendant provide plaintiffs with a Truth in Lending Statement with respect to the modified loan.

44. At no time did defendant provide plaintiffs with a Good Faith Estimate with respect to the modified loan.

45. At no time did defendant provide plaintiff with a breakdown of the principal balance with respect to the modified loan.

46. At no time did defendant provide plaintiff with an escrow analysis with respect to the modified loan.

47. At no time did anyone at Chase contact plaintiffs with respect to their requests.

48. Plaintiffs, fearing withdrawal of the modified loan offer and subsequent loss of their home, felt compelled to sign and return the loan modification documents, despite not having received disclosure documentation which Chase was required under the law to provide.

49. In or around September 2010 plaintiffs signed and returned the modified loan documents.

50. In or around November 2010 plaintiffs commenced payment of the modified loan under the terms of that agreement.

51. To date, all of plaintiffs' payments under the modified loan have been timely and in full.

52.     On March 4, 2011, plaintiffs made a "qualified written request" under Section 6 of RESPA, requesting a Truth in Lending Statement, a Good Faith Estimate and a breakdown of the principal and escrow payments under the modified loan.

53.     RESPA provides that a lender reply to such a request within 20 days of a qualified written request.

54.     Defendant failed to reply within the statutory time period.

55.     RESPA provides that lenders make an attempt to resolve any disputes within 60 days of a qualified written request.

56.     Defendant has failed to substantively respond or make any attempt at resolution.

57.     More than six months days have elapsed since plaintiffs' qualified written request.

58.     Defendant's failure to substantively respond or make any attempt at resolution is in violation of RESPA regulations.

59.     Defendant's failure to respond or make any attempt at resolution is in violation of TILA.

60.     On June 13, 2011, plaintiffs filed a complaint with the OCC (Complaint No. 01617764.)

61.     On June 24, plaintiffs' sent an e-mail to "Tiffany McCoy" at question.mha@Chase.com, requesting a Truth In Lending Statement, Good Faith Estimate, Escrow Analysis and breakdown of the principal balance of the modified loan.

62.     Ms. McCoy never responded to plaintiffs' request.

63. From September 2010 to date plaintiffs have made numerous requests to Chase Customer Service, via both telephone and in writing, requesting a Truth In Lending Statement, Good Faith Estimate, Escrow Analysis and breakdown of the principal balance of the modified loan.

64. To date, defendant has failed to provide plaintiffs with any of the requested information.

65. Defendant has demonstrated clear, consistent, willful and illegal behavior designed to deny plaintiffs information to which they are legally entitled.

66. Defendant has demonstrated clear, consistent, willful and illegal behavior designed to conceal their wrongful actions.

### D.

### PLAINTIFFS' FIRST CAUSE OF ACTION UNDER RESPA

67. Defendant has failed to provide plaintiffs with a Truth In Lending Statement, Good Faith Estimate, Escrow Analysis and breakdown of the principal balance of the modified loan in violation of Section 6 of the Real Estate Settlement Procedures Act (12 U.S.C. 2605) (RESPA).

68. Defendant has failed to respond to plaintiffs' qualified written request in violation of Section 6 of RESPA.

69. Defendants actions and omissions are violations of RESPA and have given rise to the possibility of fraud and invalidity of the debt.

70. Defendant has exceeded the limits on escrow accounts under Section 10 of RESPA.

71. Defendant, by its failure to comply with plaintiffs' request for an escrow analysis, is in violation of Section 10 of RESPA.

72. Plaintiff is entitled to actual and other damages under Section 6 and 10 and any other applicable sections of the Real Estate Settlement Procedures Act (12 U.S.C. 2605).

### E.

### PLAINTIFFS' SECOND CAUSE OF ACTION UNDER TILA

73. Defendant has failed to provide plaintiffs with a final disclosure statement, including an itemization of amount financed, in violation of Title I of the Consumer Protection Act, 15 U.S.C. 1601, et seq. (known as the Truth In Lending Act) (TILA).

74. Defendant's actions in failing to provide the required information and/or in giving false or inaccurate information give rise to a criminal, willful and knowing violation of Section 112 of TILA.

75. Defendant's failure to properly and fully disclose the terms of the mortgage, including but not limited to a breakdown of the amount financed, is in violation of Section 226.18 of TILA.

76. Plaintiffs are entitled to full and fair damages under the full extent of the law as set forth in TILA.

9

## F.

## PLAINTIFFS'
## THIRD CAUSE OF ACTION
## UNDER FDCPA

77. Defendant has engaged in false, deceptive and misleading practices in connection with plaintiffs' mortgage in violation of Section 807 of Title VIII of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 et seq. (FDCPA).

78. Defendants actions and/or omissions have led to actual and other allowable damages for the plaintiffs.

79. Plaintiffs are entitled to full and fair damages under the full extent of the law as set forth in FDCPA.

## G.

## PLAINTIFFS'
## FOURTH CAUSE OF ACTION
## UNDER HAMP

80. Defendants deliberate and/or negligent acts and/or omissions in the processing of the loan modification are violations of the Federal regulations governing the Home Affordable Modification Program.

81. Defendants actions and/or omissions have led to actual and other allowable damages for the plaintiffs.

82. Plaintiffs are entitled to full and fair damages under the full extent of the law as set forth in the regulations governing the Home Affordable Modification Program.

## H.

## OTHER LAWSUITS

83. Plaintiffs have not brought any other lawsuits dealing the same facts involved in this action.

## I.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiffs demand that defendant provide to plaintiffs forthwith an escrow analysis, a Truth In Lending Statement, Good Faith Estimate, a full and comprehensive breakdown of the principal balance of the modified mortgage, a copy of the mortgage note, as well as any and all other relevant documents, actual damages of an amount to be determined and any and all damages available under applicable law, including civil, criminal and punitive damages.

## I.

## JURY DEMAND

Plaintiffs request a jury trial.

| | |
|---|---|
| *[signature]* | *[signature]* |
| Stephen Rubino | Linda Sammartano |
| Plaintiff, pro se | Plaintiff, pro se |
| 299 Palisado Avenue | 299 Palisado Avenue |
| Windsor, Connecticut 06095 | Windsor, Connecticut 06095 |
| (860) 298-0856 | (860) 298-0856 |
| lsammartano@aol.com | lsammartano@aol.com |

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declare under the penalty of perjury that they are the plaintiffs in the above action, that they have each read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. Sec. 1746; 18 U.S.C. Sec. 1621.

Executed at 299 Palisado Avenue, Town of Windsor, County of Hartford, State of Connecticut on the 31st day of August 2011.

_____  
Stephen Rubino

_____  
Linda Sammartano