UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN RUBINO AND LINDA SAMMARTANO <br> Plaintiffs <br><br> VS. <br><br> CHASE HOME FINANCE LLC <br><br> Defendant | ) <br> ) <br> ) CIVIL ACTION <br> ) NO. 3:11-cv-01366 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) March 27, 2012 <br> ) |

## PARTIES' RULE 26(f) REPORT

Date Complaint Filed:            This action was commenced in federal court on

August 30, 2011

Date Complaint Served:            The Defendant Waived Service on
                                  February 27, 2012

Date of Defendant's Appearance:   February 27, 2012

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R.16, a conference was held on or about March 23, 2012. The participants were:

    for the Plaintiff:            Stephen Rubino
                                               Linda Sammartano

    for the Defendant:            Maura Droney

I    **CERTIFICATION**

    The Undersigned certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

Counsel for the Defendant further certifies that they have forwarded a copy of this report to its client.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Diversity jurisdiction is conferred, pursuant to 28 U.S.C.A. § 1332(a)(1), because the matter is between citizens of different states. Federal question jurisdiction is conferred pursuant to Section 6 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (RESPA), Title I of the Consumer Protection Act, 15 U.S.C. 1601, *et seq* (TILA), Title VII of the Fair Debt Collection Practices Act, and 15, U.S.C. 160, et seq (FDCPA).

### B. Personal Jurisdiction

The Defendant does not intend to contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

The Plaintiffs' complaint alleges that Defendant has deliberately and/or negligently mishandled Plaintiffs' home loan modification and has illegally and without due cause raised the principal amount of their mortgage. The Plaintiffs also allege that the Defendant failed to provide the Plaintiffs with proof of the Home Affordable Modification Program ("HAMP") application and/or rejection, as well as a copy of the Mortgage Note, a Truth in Lending Statement, Good Faith Estimate, Escrow Analysis and breakdown of the principal balance, interest, and escrow on the Plaintiffs' Mortgage with the Defendant. As a result of these alleged actions, the Plaintiffs allege Four

Causes of Action: Violation of the Real Estate Settlement Procedures Act (12 U.S.C. 2605) (RESPA); Violation of the Truth in Lending Act (TILA); Violation of the Fair Debt Collections Practices Act (FDCPA); and Violation of Federal Regulations governing HAMP. The Plaintiffs are seeking as damages an escrow analysis, a Truth in Lending Statement, Good Faith Estimate, breakdown of the principal balance of the modified mortgage, a copy of the mortgage note and other relevant documents. The Plaintiffs are claiming monetary damages in an amount to be determined and all damages under applicable law, including civil, criminal and punitive damages.

### B. Defenses and Claims of Defendant

The Defendant intends to assert that the Plaintiffs' claims are barred because, *inter alia*, the Defendant provided the Plaintiffs with notification that they did not qualify for modification programs, did not negligently handle the Plaintiffs' loan, provided the Plaintiffs with a modification of their loan (which the Plaintiffs entered into), and did not illegally raise the Plaintiffs' principal balance. Additionally, on information and belief, the Defendant also disputes the extent of injuries and damages claimed by the Plaintiff and causation of these claimed injuries.

### C. Defenses and Claims of Third Party Defendant(s)

Not Applicable.

### IV. STATEMENT OF UNDISPUTED FACTS

The parties certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. There are no undisputed facts at this time.

## V. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request a modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference.

3. Not Applicable.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16(h) at this time.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs should be allowed until May 15, 2012 to file motions to join additional parties and until June 15, 2012 to file motions to amend the pleadings.

2. Defendant should be allowed until July 15, 2012 to file motions to join additional parties and until July 15, 2012 to file a response to the Complaint.

E.  Discovery

   1. The parties anticipate that discovery will be needed on the following subjects: (a) the facts alleged in the Complaint; (b) damages; and (c) any defenses raised by the Defendant.

   2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately, and be completed (not propounded) by February 1, 2013.

   3. Discovery will not be conducted in phases.

   4. Discovery will be completed by February 1, 2013.

   5. The parties anticipate that the Plaintiffs will require a total of 5 depositions of fact witnesses and that the Defendant will require a total of 5 depositions of fact witnesses. The depositions will commence immediately and be completed by March 1, 2013.

   6. The parties may ask permission to serve more than 25 interrogatories.

   7. Plaintiffs may call expert witnesses at this time. If the Plaintiffs intend to call an expert, they will designate all such experts and provide expert reports by January 1, 2013. Defendant will take depositions of any disclosed expert by February 1, 2013.

   8. The Defendant may call expert witnesses at this time. If the Defendant elects to call any experts, they will designate all such experts and provide expert reports by March 1, 2013. Plaintiff will depose any such disclosed experts by April 1, 2013.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 1, 2013

10. The Undersigned have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. At this time, the Defendant does not anticipate any issues relating to electronically stored data.

11. The Undersigned have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Defendant does not anticipate any such discovery issues.

F. <u>Dispositive Motions</u>

Any dispositive motions will be filed on or before June 1, 2013.

G. <u>Joint Trial Memorandum</u>

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 1, 2013 (or two months after the Court's decision on dispositive motions, whichever date is later).

## VI. TRIAL READINESS

The case will be ready for trial by September 1, 2013 (or one month after the Court's decision on dispositive motions, whichever date is later.)

## VII. LOCAL RULE STATEMENT

The undersigned hereby certifies that the Local Rule 26(e) conference was held on March 23, 2012. Following the conference, the parties exchanged drafts of the Rule 26(f) Report and conferred further. Accordingly, the parties respectfully request the Court adopt their request for modification as set forth in this rule 26(f) Report.

The parties may hereafter request a modification of the deadlines set forth above. The Plaintiffs and counsel for Defendant, as an officer of the Court, agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFFS
STEPHEN R. RUBINO AND LINDA SAMMARTANO

By: _____          Date: 3-23-2012
Stephen R. Rubino, Pro Se
Linda J. Sammartano, Pro Se
299 Palisado Avenue
Windsor, Connecticut 06095
 Tele: 860-298-0856
 Fax:
 email: lsammartano@aol.com

THE DEFENDANT
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC

By: _____/s/_____   Date: 3/27/12
Brian D. Rich
Fed. Bar No. ct 24458
Maura A. Droney
Fed Bar. No. ct 28123
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Waterbury, CT 06702-2156
Hartford, Connecticut 06103
 Tele: 860-522-6103
 Fax: 860-548-0006
 rich@halloran-sage.com
droney@halloran-sage.com

## CERTIFICATION

This is to certify that on 27th day of March 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Brian D. Rich